**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE ADRIAN JAUREGUI-BARRAJAS,

    Defendant - Appellant.

No. 11-10217

D.C. No. CR 09-0467-TUC-DCB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John M. Roll, Chief District Judge, and
David C. Bury, District Judge, Presiding[**]

Submitted March 16, 2012[***]
San Francisco, California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable John M. Roll presided at trial, and the Honorable David C. Bury presided at sentencing.

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2).

Before:  WALLACE, BEA, Circuit Judges, and BENNETT, District Judge.[****]

Defendant-Appellant Jose Adrian Jauregui-Barrajas appeals his convictions for conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846, and possession of marijuana with intent to distribute, in violation of  21 U.S.C.  §§ 841(a)(1), 841(b)(1)(B).   We have jurisdiction pursuant to 28 U.S.C. § 1291.

Jauregui-Barrajas contends that the district court erred in finding that he consented to a search of his residence and in denying his request to suppress the evidence found during the search.  Jauregui-Barrajas also contends that the district court abused its discretion by denying his request to question members of the jury about the juror's contact with the ICE special agent and his motion for a mistrial. We affirm.

We review *de novo* the district court's denial of a motion to suppress. *United States v. Russell*, 664 F.3d 1279, 1280 n.1 (9th Cir. 2012).  The underlying factual findings are reviewed for clear error, *id*. at 1280 n.1, including a finding that a person voluntarily consented to a search.  *United States v. Rodriguez-Preciado*, 399 F.3d 1118, 1125 (9th Cir. 2005).  We review the district court's

---

[****] The Honorable Mark W. Bennett, District Judge for the Northern District of Iowa, sitting by designation.

decisions regarding alleged jury misconduct for an abuse of discretion. *United States v. Shryock,* 342 F.3d 948, 973 (9th Cir. 2003). "'We review alleged jury misconduct independently, in the context of the entire record' but 'accord substantial weight to the trial judge's conclusion as to the effect of alleged juror misconduct.'" *United States v. Stinson*, 647 F.3d 1196, 1216 (9th Cir. 2011) (quoting *United States v. Madrid,* 842 F.2d 1090, 1092 (9th Cir. 1988)). The district court's denial of a motion for a mistrial is reviewed for abuse of discretion. *United States v. Pineda-Doval*, 614 F.3d 1019, 1036 (9th Cir. 2010).

**1.**     The district court did not err in determining that Jauregui-Barrajas voluntarily consented to the search of his residence in light of the "totality of the circumstances," *United States v. Drayton,* 536 U.S. 194, 207 (2002). The evidence showed the following circumstances: the agents' guns were not drawn, Jauregui-Barrajas was questioned in a public place for a relatively short time in normal conversational tones; the agents made no threats or promises; and, Jauregui-Barrajas appeared to be relaxed and composed. He showed no signs of fright, shock, or confusion. *See United States v. Brown*, 563 F.3d 410, 415-16 (9th Cir. 2009).

**2.**     The district court also did not abuse its discretion when it denied Jauregui-Barrajas's motion for a mistrial based on the juror's *ex parte* contact with

3

the ICE special agent when he changed a flat tire on the disabled juror's automobile following jury selection. The conversation between the juror and the ICE special agent was brief and did not relate to the trial. Although the juror testified that she would not be influenced in any way by the ICE special agent's assistance, the district court, nevertheless, removed the juror and replaced her with the alternate juror, thus, avoiding any possible problems associated with the juror's participation in jury deliberations. The district court then asked the remaining members of the jury whether anything had happened that would compromise or impair their ability to serve as fair and impartial jurors. No juror responded affirmatively to the question. Thus, the district court thoroughly explored the circumstances of the contact between the juror and the ICE special agent, assessed the effect of the outside contact with the jury, and reasonably concluded that because the juror who had the contact had been discharged, appropriate measures had been taken to ensure that Jauregui-Barrajas would not be prejudiced. *See United States v. LaFleur,* 971 F.2d 200, 206 (9th Cir. 1991) ("[W]e accord 'substantial weight' to the district court's conclusion as to the effect of the [juror] misconduct.").

AFFIRMED.